UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHA SHARLENE RUTHERFORD,

    Petitioner,                              Case No. 22-10521

v.

                                           HON. MARK A. GOLDSMITH

JEREMY HOWARD,

    Respondent.
_____/

**OPINION & ORDER**
**(1) GRANTING PETITIONER'S MOTIONS TO AMEND AND TO STAY (Dkts. 14, 15, 16), (2) STAYING PROCEEDINGS, & (3) ADMINISTRATIVELY CLOSING CASE**

This matter is before the Court on Petitioner's motion to amend her habeas petition to add previously exhausted claims and her motion to stay the proceedings so that she can return to the state courts to exhaust remedies on a new, unexhausted claim (Dkts. 14, 15, 16). For the reasons set forth below, the Court grants the motions, stays the proceedings, and administratively closes the case.

**I. BACKGROUND**

This is a federal habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner, Michigan prisoner Marsha Sharlene Rutherford, is incarcerated at the Huron Valley Women's Complex in Ypsilanti, Michigan. Following a jury trial in the Wayne County Circuit Court in 2017, she was convicted of embezzlement of $100,000 or more, Mich. Comp. L. § 750.174(7); conspiracy to embezzle $100,000 or more, Mich. Comp. L. § 750.157a; false pretenses involving a value of $100,000 or more, Mich. Comp. L. § 750.218(7); conspiracy to commit false pretenses involving a value of $100,000 or more, Mich. Comp. L. § 750.157a; identity theft, Mich. Comp. L. § 445.65;

and using a computer to commit a crime, Mich. Comp. L. § 752.796. In 2018, she was sentenced to concurrent terms of three to five years' imprisonment on the identify theft conviction and 10 to 20 years' imprisonment on the other convictions. In her pending habeas petition, Petitioner raises claims concerning the effectiveness of trial counsel (Dkt. 1).

Petitioner has filed a motion to amend her habeas petition to add previously exhausted claims and a motion to stay the proceedings so that she can return to the state courts to exhaust remedies on a new, unexhausted claim (Dkts. 14, 15, 16). Respondent filed an answer to the original petition and the state court record (Dkts. 12, 13) but has not filed a response to Petitioner's motions.

## II. DISCUSSION

The Court discusses Petitioner's motion to amend and motion to stay the proceedings in turn.

### A. Motion to Amend

Petitioner first seeks to amend her habeas petition to add two claims, concerning double jeopardy and the trial court's evidentiary rulings, that she previously raised on direct appeal in the state courts. A federal court has discretion to allow amendment of a habeas petition once a responsive pleading has been filed. Rule 11, Rules Governing 28 U.S.C. § 2254 Cases; Fed. R. Civ. P. 15(a); Rose v. Lundy, 455 U.S. 509, 520–521 (1982). The Court finds that Petitioner should be allowed to amend her habeas petition to add her previously exhausted claims in the interests of justice. Accordingly, the Court grants Petitioner's motion to amend and shall consider her habeas petition as amended.

### B. Motion to Stay the Proceedings

Petitioner also seeks to stay the proceedings so that she can return to the state courts to

exhaust remedies on a new claim or claims concerning the effectiveness of appellate counsel. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is entitled to relief only if the petitioner can show that the state-court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he or she can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans, 228 F.3d at 681; see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

3

The Michigan Rules of Court provide a process through which Petitioner may raise her unexhausted claim(s). For example, she may file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 et seq. and then appeal the trial court's decision to the state appellate courts as necessary. Petitioner's unexhausted claim(s) should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state-court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. Id. at 277.

In this case, Petitioner shows the need for a stay. She wishes to pursue at least one new claim that has not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the pending habeas petition to allow for further exhaustion of state remedies. Petitioner also alleges that she did not previously raise the unexhausted claim because it is based upon newly discovered evidence, which arguably provides good cause. Lastly, the Court finds that the unexhausted claim does not appear to be plainly meritless, and there is no evidence of intentional delay. The Court shall, therefore, hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state-court remedies as to any additional, unexhausted claims.

### III. CONCLUSION

The Court grants Petitioner's motion to amend her habeas petition. It grants the motion to stay the proceedings and hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claim(s) to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court (if she has not already done so). See Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen this case and amend her current habeas petition to add the newly exhausted claims, using the same caption and case number, within 60 days of fully exhausting state remedies. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions.

SO ORDERED.

Dated: December 19, 2022          s/Mark A. Goldsmith
        Detroit, Michigan          MARK A. GOLDSMITH
                                   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2022.

                                   s/Karri Sandusky
                                   KARRI SANDUSKY
                                   Case Manager